IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKY DEE MILLARD, )
 )
    Plaintiff, ) No. 12-317
 )
    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this matter, Plaintiff sought disability insurance benefits on August 12, 2008. The application was denied initially and on reconsideration. She then filed a second claim for benefits on March 26, 2010. Her claims of disability include diabetic neuropathy, vertigo, sleep apnea, and degenerated discs. She now appeals the decision of the ALJ, primarily on grounds that the ALJ improperly decided that she could perform limited sedentary work. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred when he determined that jobs existed in significant numbers that Plaintiff could perform. In so doing, Plaintiff argues, the ALJ improperly relied on a psychologist in order to assess her physical work limitations and arrive at an RFC. Relatedly, she contends that he improperly discounted the opinion of Plaintiff's treating physician, Dr. Los, and improperly rejected VE testimony that would have incorporated limitations based on Dr. Los' opinion.

In this case, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work, with limitations on the operation of foot controls, crawling, kneeling, climbing, and balancing on heights, and fine fingering or manipulation with the hands.

Plaintiff contends that the ALJ erred in assigning significant weight to Dr. Banks, who completed a psychiatric review technique. There is no suggestion, however, that the ALJ

considered Dr. Banks opinion as relevant to Plaintiff's physical abilities. Instead, he specifically referred to her finding that Plaintiff has no medically determinable mental impairments, and did not find that her opinion had any bearing on Plaintiff's physical issues. Thus, while the reference to Dr. Banks appears gratuitous, it was harmless.

Instead, in assessing Plaintiff's physical condition, the ALJ considered the records and opinion of Plaintiff's treating physician, Dr. Los, and Plaintiff's subjective complaints. Dr. Los is the only pertinent medical source of record. In 2011, Dr. Los completed a Medical Statement Regarding Peripheral Neuropathy for Social Security Disability Claim. He concluded that Plaintiff could work 4 hours per day, with various limitations. Dr. Los was of the opinion that Plaintiff was limited by her pain and balance as a result of the neuropathy, and noted that her pain persists despite the medications. Acknowledging that Dr. Los' opinion would normally be entitled to great weight, the ALJ concluded that this opinion was not supported by Dr. Los' own treatment notes, which indicate that Plaintiff's condition is not as severe as stated, and "include relatively normal examinations." Thus, it was given "little weight."

True, affording a treating source little weight is atypical. An ALJ, however, may give less weight to a treating physician's opinion that is inconsistent with the physician's own treatment notes. Chetoka v. Colvin, 2014 U.S. Dist. LEXIS 9387 (W.D. Pa. Jan. 14, 2014). In order to be accorded greater weight, the treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). "[A]n ALJ may grant less weight to the opinion of a treating physician depending on the extent to which supporting explanations are included. … Form reports in which a physician's obligation is only to check a box or fill in a blank are at best weak evidence, particularly when unaccompanied by

objective supporting evidence." Chetoka, 2014 U.S. Dist. LEXIS 9387, at \*\*36-37. In this case, Dr. Los' opinion relied on Plaintiff's pain, rather than objective medical tests. Dr. Los' records contain several normal examinations, and stable neuropathy. Thus, the ALJ properly considered the longitudinal record and determined the weight to be afforded Dr. Los' Medical Statement. As the ALJ stated, The ALJ carefully discussed Plaintiff's subjective pain complaints and did not find them fully credible. It follows, too, that the ALJ's treatment of the VE testimony is supported by substantial evidence.

## CONCLUSION

Due to the very limited scope of review to which I am bound, and the fact that I am precluded from re-weighing the evidence, I am constrained to find that the ALJ's decision was supported by substantial evidence under applicable standards. Therefore, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 7th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court